18631

STATE of South Carolina ex rel. Daniel R. McLEOD, Attorney General, Complainant, v. Thomas E. BELCHER, Respondent

(153 S. E. (2d) 921)

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Assistant Attorney General,* of Columbia, *for*

*complainant,*

*Thomas E. Belcher,* of Abbeville, *Pro Se.*

April 5, 1967.

## ORDER

*Per Curiam:*

In a proceeding under our Rule on Disciplinary Procedure for Attorneys, the respondent was charged with having forged the name of the Special Referee at the end of what purported to be his report in a divorce case, and with having forged the name of a Circuit Judge at the end of a decree in that case. After due notice a hearing was held before a panel of three members of the Board of Commissioners on Grievances and Discipline appointed in accordance with the rule; and at that hearing the respondent appeared in person and ackowledged his guilt. We note here that prior to the presentment of these charges a hearing had been held before the Resident Judge of the Eighth Judicial Circuit on an order issued by him to show cause why the allegedly forged documents should not be expunged from the record of the divorce action; and that upon that hearing the respondent had appeared and admitted his guilt.

The hearing panel having recommended that the respondent be disbarred, the matter then came before the Board of Commissioners on September 24, 1965, for review pursuant to Section 11 of the rule; and at that hearing the respondent appeared and admitted his guilt. In the course of that hearing the question of respondent's mental condition having arisen, the Board adjourned the hearing to May 6, 1966, in order to give him an opportunity to present evidence as to his mental condition at the time of the commission of the acts involved. At the hearing on May 6, respondent's counsel

submitted a report, dated January 31, 1966, from a physician, and another from a certified psychologist reporting on his examinations of the respondent on five separate occasions during February and March, 1966. From these reports it is evident that at the time of the commission of the offenses in question, respondent's mental condition was not such as would justify or excuse such actions.

The Board having filed with this court its final certified report of the proceedings and its finding that the respondent was guilty of misconduct warranting disbarment, we issued an order directing that he show cause before us on December 16, 1966, why the Board's report should not be confirmed and such disciplinary order issued as might appear proper. Respondent has appeared pursuant to that order and has again admitted his guilt.

Respondent was born on December 5, 1933. He was admitted to the bar of South Carolina on July 28, 1960; and thereafter he went to Charlotte, North Carolina, where he was employed by an insurance company. In November, 1962, he moved to Abbeville, South Carolina, entering a partnership in the practice of law. The partnership was dissolved in February, 1963 and thereafter he endeavored to continue his practice there alone. He was then twenty-nine years of age, with a wife and three children dependent upon him for support. His earnings were not sufficient to support himself and his family; he found himself living on borrowed money; and difficulties, financial, and domestic, followed. It appears from his own testimony that he finally reached the point where he was drinking heavily, found himself unable or unwilling to tell the truth, and, in his own words, lost basic, as well as financial, integrity. Strangely enough, his delinquency with which we are now concerned, and which occurred in March, 1963, involved a trifling amount of money; according to his testimony, all that he received from his client for his services in the divorce action was either twenty or forty dollars.

In December, 1963, respondent terminated his law practice, moved to another city, and took employment, on a pro-

bationary basis, as an insurance adjuster. Before doing so, he had informed his prospective employer of his misdoings and had asked him to go to Abbeville and investigate before agreeing to employ him. From his testimony before the panel in June, 1965, it appears that in his present employment he has gotten his life under control; that his family troubles have cleared up; that he has paid a large amount of his debts in Abbeville; and that he is trying hard to make good.

The foregoing recital of the facts as disclosed by the record before us reveals the brief and unhappy legal career of a young man who without financial resources and with a wife and three young children to support embarked upon the precarious practice of the law in a small town to which he was a stranger; who found himself faced with difficulties that he was unable to surmount and with temptation that he was unable to resist. We are impressed by the obvious sincerity of his penitence; and we would be less than human were we without sympathy for him. But our duty to the profession and to the public is plain. The seriousness of his offense requires his disbarment. *Cate v. Rivers,* 246 S. C. 35, 142 S. E. (2d) 369.

It is our hope that the respondent will be able to look back upon the frustrations and disaster of 1963 as a terrible experience, to be forever remembered but no longer to be feared; and that he may have the courage and stamina to achieve an honorable and successful career in the field of his present endeavor.

The record here shows that he has already sent to the Clerk of this court his certificate of admission to the bar of this State. The Clerk will cancel it and file it with the record of this proceeding. And it is ordered that the respondent be, and he is hereby disbarred from the practice of law in South Carolina.

LEWIS, Acting C. J., BUSSEY and BRAILSFORD, JJ., and G. BADGER BAKER and LIONEL K. LEGGE, Acting Associate Justices, concur.