22125

In the Matter of Franklin W. ALLEN.

(331 S. E. (2d) 349)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. C. Havird Jones, Jr.*, Columbia, *for complainant.*

*William B. James*, Greenville, *for respondent.*

Heard April 16, 1984.

Decided June 7, 1985.

*Per Curiam:*

This disciplinary matter is before us for review of the recommendation of the Executive Committee of the Board of Commissioners on Grievances and Discipline. The Hearing Panel recommended a dismissal of the complaint; the Executive Committee disagreed and would impose the sanction of public reprimand for acts of misconduct. We agree that the Respondent, Franklin W. Allen, has been guilty of misconduct as enunciated by the Canons of Ethics but disagree as to the sanction.

The complaint charges that the Respondent forged the signature of his wife, Jean H. Allen, to five (5) legal documents which required her renunciation of dower. It alleges that the Respondent signed his wife's name to the renunciation of dower in the following five (5) real estate transactions:

> 1. Deed from Franklin W. Allen to James W. Petree, dated April 11, 1977; the consideration recited was Thirteen Thousand Five Hundred Dollars.
>
> 2. Deed from Franklin W. Allen, *et al.* to Byars Builders, Inc., dated June 23, 1977; the consideration recited was Five Thousand Dollars.
>
> 3. Deed from Franklin W. Allen, *et al.* to Byars Builders, Inc., dated June 7, 1978; the consideration recited was Fifty Thousand Dollars.
>
> 4. Mortgage from Franklin W. Allen to Spartanburg Bank and Trust, dated June 8, 1976. It secured a Fifteen Thousand Dollar note.
>
> 5. Mortgage from Franklin W. Allen to Southern Bank and Trust Company, dated January 28, 1981. It secured a note for Thirty-Five Thousand Dollars.

It was stipulated at the beginning of the hearing before the Panel that each of the dower renunciations was in fact signed by Franklin Allen. There is no contention that she was even present. The renunciation of dower was accomplished by using unsophisticated notaries public who obviously had little understanding of real estate law.

The Respondent seeks comfort in his contention that his wife consented to his signing of her name. This she denies. It is however of little consequence whether she did or did not consent. The purported dower renunciation was null and void, even if orally consented to, and the grantees named in the deed and the mortgagees named in the mortgages accepted instruments which were not what they were represented to be. The wife is not an aggrieved party because the signing of her name conveyed nothing and she retained all rights. The gravamen of the wrong lies in that the Respondent placed deeds and mortgages in the stream of commerce and received from the mortgagees and the grantees considerations with which they would not have parted had they known that the dower renunciations were void.

The Hearing Panel erroneously attached significance to the fact that an unhappy wife (now divorced) reported the matter and testified. It also gave weight to the fact that no person has lost any money as a result of the forgeries. Regardless of her motive and intent, she has served a good purpose in calling to the attention of the court a wrong with which the court is compelled to deal.

We agree with the Executive Committee which held that Respondent's actions were a serious violation of law and cannot be tolerated in the legal profession. The recommendation of the Panel and the Executive Committee is always respected and persuasive but the duty of making a final adjudication with all disciplinary matters is, in the final analysis, with this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960).

The Respondent, Franklin W. Allen, is indefinitely suspended from the practice of law in this State. He shall, within five (5) days from service of this Order, surrender his license to practice to the Clerk of the Supreme Court of South Carolina.

Indefinite suspension.

GREGORY and HARWELL, Justices (dissenting in part):

We respectfully dissent as to the appropriate sanction. We agree with the recommendation of the Executive Committee

of the Board of Commissioners on Grievances and Discipline and would impose a public reprimand as the appropriate sanction.

The Hearing Panel found that respondent had signed his wife's name to the renunciation of dower[1] in five documents, but did so as her husband, not her attorney, and with her knowledge and consent. It further found respondent received no monetary benefit separate from his wife in any of the transactions. The Panel concluded respondent's actions were not fraudulent and constituted nothing more than a technical violation of the law. The Panel recommended the complaint be dismissed.

While we agree with the Executive Committee that respondent's actions constitute serious violations which warrant disciplinary action, we note that Mrs. Allen accepted the benefits of respondent's actions and, only years later after the collapse of her marriage did she complain. Contrary to the assertion in the majority opinion that the dower renunciations were null and void, it is our view that Mrs. Allen's knowing acceptance of the benefits of the dower renunciation would have estopped her from challenging their validity. We would impose a public reprimand as the appropriate sanction.

---

[1] The right to dower in South Carolina was abolished by this Court in *Boan v. Watson*, 281 S. C. 516, 316 S. E. (2d) 401 (1984).