22375

Re: In the Matter of Richard A. GANTT, Respondent.

(335 S. E. (2d) 241)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. Clifford O. Koon, Jr.,* Columbia, *for complainant.*

*B. O. Thomason, Jr.,* and *John R. Devlin, Jr.* of *Love, Thornton, Arnold & Thomason,* Greenville and *Joseph C. Coleman,* Columbia, *for respondent.*

Heard June 27, 1985.

Decided Sept. 25, 1985.

*Per Curiam:*

This grievance proceeding charges respondent with misconduct arising out of his personal use of trust funds. The hearing panel recommended indefinite suspension and a majority of the Executive Committee recommended disbarment. Because of the serious nature of respondent's conduct, we believe indefinite suspension is warranted.

Respondent has served as trustee for the Turner Lumber Company since 1977 and was paid an annual fee for his service. The complaint alleged a series of transactions

whereby respondent paid personal expenses out of trust funds or paid himself or his law partner fees in excess of those to which they were entitled. One of the numerous transactions occurred on July 10, 1982, when respondent paid himself $374.00 from trust funds for long distance telephone calls. When respondent's activities were initially questioned, respondent reimbursed the trust for all relevant transactions. It is undisputed that the trust fund has lost no money.

Following a hearing, the panel found most of the allegations against respondent lacked proof, or were proper transactions. Four of the allegations against respondent were substantiated, but the panel concluded the transactions were the result of neglect rather than intentional misconduct. The panel also found that respondent was most likely entitled to reimbursement for the long distance telephone calls. The panel recommended a public reprimand for respondent's neglect with regard to the trust funds. *In Re Mason*, 271 S. C. 111, 245 S. E. (2d) 424 (1978).

Before further action was taken, an amended complaint was served charging respondent *with submitting fraudulent and manufactured evidence during the panel hearing.*

A second hearing was held, during which an expert from the State Law Enforcement Division testified concerning receipts submitted by respondent at the first hearing to substantiate the long distance telephone calls charged to the trust. It appears from the testimony of the SLED expert, respondent's testimony and the circumstances surrounding the production of the receipts that *respondent fraudulently prepared* the receipts for the purpose of deceiving the panel.

During the preliminary investigation, respondent made his files available to investigators from the Board of Commissioners on Grievance and Discipline. The files were also examined by an accountant hired by one of the trust beneficiaries. Before the panel hearing, the attorneys exchanged copies of exhibits. The telephone receipts were not seen by anyone until respondent produced them during his testimony in the first hearing. Respondent testified that he had prepared each receipt at the end of the day or the end of the week that the call had been made, and had maintained them

in a file since that time. Respondent testified the receipts were prepared over a period of time.

The SLED expert testified that his tests of the receipts indicated that they were all prepared at one sitting, or in a relatively short period of time. His conclusion was based on examining indentations on the receipts which showed that they were juxtaposed on top of one another when they were prepared, despite the difference of several years in the dates reflected on the receipts.

Following the testimony by the SLED expert, respondent testified that he prepared the receipts in three sittings prior to reimbursing himself with trust funds. He said he prepared the receipts by going through his calendar day books for several years and recording calls that should be charged to the trust. This *contradicted his testimony*, at the first hearing, when he said the receipts were prepared over the years shortly after each telephone call was made.

Presenting falsified evidence or otherwise practicing deception before a court or judicial tribunal by fraudulent devices is gross misconduct which ordinarily warrants disbarment. *In Re Chalson*, 80 A. D. (2d) 326, 438 N.Y.S. (2d) 342 (1981). See also, *In Re Morris*, 270 S. C. 308, 241 S. E. (2d) 911 (1978); *In Re Elliott*, 268 S. C. 522, 235 S. E. (2d) 111 (1977); *State v. Belcher*, 249 S. C. 301, 153 S. E. (2d) 921 (1967); *Cate v. Rivers*, 246 S. C. 35, 142, S. E. (2d) 369 (1965); Annot., 40 A.L.R. (3d) 169. While there was strong sentiment among the members of the Court in favor of disbarment, we conclude indefinite suspension is the appropriate sanction.

It is therefore ordered that respondent is indefinitely suspended from the practice of law in this State. He shall, within five (5) days from the service of this Order upon him, deliver his license to practice law to the Clerk of the Supreme Court.

Indefinite suspension.