23483

In the Matter of Timothy R. WALKER, Respondent.
(409 S.E. (2d) 412)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. James G. Bogle, Jr.* and *J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Cameron B. Littlejohn, Jr.,* of *Lewis, Babcock & Hawkins,* Columbia, *for respondent.*

Heard Aug. 14, 1991; Decided Sept. 23, 1991.

Rehearing Denied Oct. 23, 1991.

*Per Curiam:*

This case involves a disciplinary proceeding in which respondent Timothy R. Walker was alleged to have committed various acts of misconduct in violation of provisions of the Code of Professional Responsibility.[1] The conduct giving rise to the allegations contained in successive complaints initially arose from respondent's representation of a client who engaged him in May of 1986 to obtain an expungement order. More than two years later, respondent saw the client at a party and told him that he was a "free man" and that the expungement had been legally effected, when in fact, it had not. When the client asked to see a copy of the expungement, respondent told him to stop by respondent's office. A few days later, the client went to respondent's office whereupon respondent gave the client a copy of an expungement order which had been purportedly signed by a circuit judge.

The client was troubled that there was no filing stamp on the order and that the year on the order appeared to have been changed from 1986 to 1988. He took the alleged expungement order to the Clerk of Court's office and was informed that it was invalid because the circuit judge's signature had

---

[1] The allegations involved in this matter arose from conduct which occurred prior to the effective date of the South Carolina Appellate Court Rules, September 1, 1990. Thus, the Code of Professional Responsibility contained in former Supreme Court Rule 32 applies rather than the Rules of Professional Conduct contained in Rule 407, SCACR.

been forged. About ten days after giving the client the forged expungement order, respondent handed up to a circuit judge a consent motion and order which was legally effected.

A hearing on this matter was held on November 28, 1989, before the Hearing Panel of the Board of Commissioners on Grievances and Discipline to determine whether respondent's unauthorized signature of the circuit judge's name on the proposed expungement order constituted unethical conduct. Respondent maintained that he did not intend to perpetrate a fraud on the judicial system as the order was never filed. Respondent also maintained that he had likewise not intended to perpetrate a fraud on his client; respondent stated that he had signed the circuit judge's name on the order in his own handwriting in the client's presence merely in an attempt to demonstrate how such an order would be signed by a judge.

At the conclusion of this hearing, the Hearing Panel elected to withhold judgment and requested examples of respondent's signature so that it could determine whether respondent's signing of the circuit judge's name in a large, flaring fashion was typical of respondent's signature or whether respondent had attempted to duplicate the circuit judge's signature. In response to the Hearing Panel's request that each side submit documents reflecting respondent's signature style, respondent submitted twelve documents. Two of the twelve documents signed by respondent, when compared to the originals obtained from the Clerk of Court's office, indicated a different style and type of initials and signature. Consequently, an amended complaint was filed alleging that respondent had falsified his own signature on two of the twelve documents furnished by him to make his signature look larger than it normally was and to mislead the Hearing Panel as to the evidence in this case. Subsequent allegations were also made against respondent: that respondent had falsified other signatures on the consent motions for expungement.

After a second hearing, the Hearing Panel found respondent's testimony that he had signed the circuit judge's name merely to demonstrate what the order would look like when the judge actually signed it, to be incredible. It concluded that while respondent did not consciously intend to perpetrate a fraud upon the judicial system in that the forged order was never filed, he did consciously intend to perpetrate a fraud

upon his client by presenting him with a forged order and representing it as a legally valid order which had accomplished the expungement. The Hearing Panel further found that there was a lack of clear and convincing evidence that respondent submitted false signatures to the Hearing Panel or that if false signatures were submitted, they were submitted with the intent to mislead the Hearing Panel as to the size and style of his signature. As to the remaining allegations, the Hearing Panel found a lack of clear and convincing evidence. The Hearing Panel recommended that respondent be publicly reprimanded.

The matter then came before the Executive Committee of the Board of Commissioners on Grievances and Discipline. The Executive Committee, by a vote of 4-0 (three members of the Executive Committee were not present), agreed with the findings of the Hearing Panel except that the Executive Committee strongly felt that there was clear and convincing evidence that respondent attempted to deceive the Hearing Panel by submitting falsified signature samples to the Hearing Panel, thereby demonstrating a continued pattern of deceit. The Executive Committee unanimously recommended that respondent be indefinitely suspended from the practice of law.

Initially, we note that the recommendations of the Hearing Panel and Executive Committee are persuasive. *In the Matter of Allen*, 285 S.C. 489, 331 S.E. (2d) 349 (1985). However, the duty of making a final adjudication with respect to the professional conduct of members of the Bar and taking appropriate disciplinary action rests exclusively with this Court. *Id.*

We have reviewed the record in this matter and accept the findings of the Hearing Panel and the Executive Committee that respondent did, in fact, consciously intend to perpetrate a fraud on his client by first, telling him that the expungement had been effected, and then second, by continuing his pattern of deceit by presenting the client with a copy of an expungement order upon which he had forged the signature of a circuit judge, further misrepresenting to the client that the matter had been resolved.

As to the allegation that respondent falsified his own signature on certain documents submitted to the Hearing Panel in

an attempt to mislead the Hearing Panel as to the evidence in this case, the Hearing Panel and Executive Committee disagreed as to whether there was clear and convincing evidence as to this matter. We have reviewed the testimony and the documents and find that respondent did falsify his own signature on these documents in a conscious attempt to mislead the Hearing Panel. As to the remaining allegations, we agree with the Hearing Panel and the Executive Committee that they were not proven by clear and convincing evidence.

■    In sum, respondent's actions constitute serious misconduct in violation of the Code of Professional Responsibility contained in former Supreme Court Rule 32[2] in the following particulars:

(1) DR 1-102(A)(1) (prohibits a lawyer from violating a Disciplinary Rule);

(2) DR 1-102(A)(3) (prohibits a lawyer from engaging in illegal conduct involving moral turpitude);

(3) DR 1-102(A)(4) (prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation);

(4) DR 1-102(A)(5) (prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice);

(5) DR 1-102(A)(6) (prohibits a lawyer from engaging in conduct that adversely reflects on his fitness to practice law);

(6) DR 7-102(A)(5) (prohibits a lawyer, in the course of his representation of a client, from knowingly making a false statement of law or fact); and

(7) DR 7-102(A)(8) (prohibits a lawyer, in the course of his representation of a client, from knowingly engaging in other illegal conduct or conduct contrary to a Disciplinary Rule).

The Rule on Disciplinary Procedure provides that every member found guilty of misconduct shall be disciplined in accordance with the seriousness of the misconduct. *See* Para-

---

[2] Respondent's actions would also be prohibited under the Rules of Professional Conduct. See Rule 8.1(a); Rules 8.4(a), (b), (c), (d), and (e).

graph 7(A), Rule on Disciplinary Procedure.[3] "Misconduct" is defined by Paragraph 5 of the Rule on Disciplinary Procedure as:

B.  Acts or omissions by an attorney ... which violate the attorney's Oath of Office or the Code of Professional Responsibility as is in effect and adopted by the Court, whether or not the act or omission occurred in the course of an attorney-client relationship; [and as]

. . . . .

D.  Conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating unfitness to practice law. . . .

Respondent has committed such misconduct as to warrant discipline.

Here, respondent's actions demonstrated a total disregard of his obligation in fulfilling his professional responsibilities. This type of conduct brings our profession into disrepute in the eyes of the public, the public that often entrusts its fate to us, and will not be tolerated. In mitigation, however, we note that respondent did not file the forged order. Thus, the appropriate sanction in this instance is that respondent Timothy R. Walker be indefinitely suspended from the practice of law in this State. He shall, within fifteen (15) days from the date of this opinion, surrender his certificate of admission to the Clerk of the Supreme Court of South Carolina and shall also file an affidavit with the Clerk showing that he has fully complied with the provision of Paragraph 30 of the Rule on Disciplinary Procedure.

Indefinite suspension.

GREGORY, C.J., dissents in separate opinion.

GREGORY, Chief Judge, dissenting in part:

I respectfully dissent as to the sanction imposed. In my view, the forgery of a judicial officer's signature to a legal doc-

---

[3] The Rule on Disciplinary Procedure is now contained in Rule 413, SCACR.

ument, order, decree, or opinion so adversely affects the integrity of the judicial system as to require disbarment. Our prior disciplinary opinions have uniformly imposed disbarment for such misconduct. I would disbar Mr. Walker.