23714

In the Matter of Timothy R. WALKER, Respondent.

(423 S.E. (2d) 108)

Supreme Court

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. James G. Bogle, Jr.,* and *J. Emory Smith, Jr.,* Columbia, *for complainant.*

*Cameron B. Littlejohn, Jr.,* of *Lewis, Babcock & Hawkins,* Columbia, *for respondent.*

Submitted Aug. 19, 1992.

Decided Sept. 21, 1992.

*Per Curiam:*

This is an attorney grievance matter. Respondent previously was indefinitely suspended from the practice of law for perpetrating a fraud on his client by forging the signature of a circuit court judge on an expungement order. *In the Matter of Walker,* 305 S.C. 482, 409 S.E. (2d) 412 (1991). Subsequent to his suspension, respondent conditionally admitted to additional acts of misconduct consents to disbarment. We accept the conditional admission and disbar respondent.

Respondent admits that, in handling a personal injury matter, he forged a release and received a $7,000 insurance settlement intended for his client. Respondent endorsed the

check in the name of his client without her knowledge or consent and deposited the funds into his personal account. Although respondent received the check in December 1987, he did not inform his client of the settlement until February 15, 1988. At that time, respondent transferred $2,180 to the client, and retained $2,334 in legal fees and $2,486 for medical expenses. The medical expenses were disbursed shortly thereafter.

In an unrelated matter, respondent was retained to represent a client whose husband was killed in a work-related incident. Respondent agreed to an hourly fee but did not tell the widow that any attorney's fee had to be approved by the Workers' Compensation Commission (Commission). S.C. Code Ann. § 42-15-90 (1985).

In March and April 1991, respondent endorsed the widow's name on two $15,000 life insurance checks without her knowledge or consent. He deposited the proceeds into his escrow account and converted the funds to his own use.

In August 1991, the Commission issued an order stating that the widow was to share the death benefits equally with her son. The order did not provide for attorney's fees. The widow signed a disbursement sheet that falsely stated the total benefits were $72,340, when the actual amount was $94,279. From the widow's "half," respondent deducted costs and one-third of the total alleged benefits for attorney's fees, thus disbursing $11,043 to the widow and retaining $25,388. Respondent disbursed no funds to the son.

In late September, respondent notified the widow that her son's portion had been paid. Respondent issued a check to the son in an amount $3,876 less than the son's alleged portion and $14,845 less than his actual portion. In October, respondent told the widow that he had made an error in his calculations and issued a check for $3,876 to the son.

In addition, respondent failed to pay over the funds he had retained for funeral expenses and failed to have a guardian or conservator appointed for the son. Only after an investigation was begun by the Attorney General's Office did respondent refund the attorney's fee and the life insurance benefits to the widow.

Respondent has violated Rule 8.4 of the Rules of Professional Conduct by engaging in conduct involving dishonesty,

fraud, misrepresentation, moral turpitude, and conduct that is prejudicial to the administration of justice. Respondent has violated Rule 1.3 by neglecting a legal matter entrusted to him and Rule 1.15 by commingling funds, failing to account for funds and failing to promptly deliver funds to his clients.

In our opinion, respondent's conduct warrants disbarment. This disbarment shall be retroactive to the date of his indefinite suspension, September 23, 1991. Respondent shall, within fifteen (15) days of the date of this opinion, file an affidavit with this Court showing that he is still in compliance with the requirements of Paragraph 30 of Rule 413, South Carolina Appellate Court Rules.

Disbarred.