497 S.E.2d 729

**In the Matter of T. Aladdin MOZINGO, Respondent.**

**No. 24769.**

Supreme Court of South Carolina.

Submitted Jan. 27, 1998.

Decided Feb. 23, 1998.

Desa Ballard, Columbia, for respondent.

Henry B. Richardson, Jr., Columbia, Disciplinary Counsel.

PER CURIAM:

In this attorney discipline matter, respondent and disciplinary counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be disbarred from the practice of law. We accept the agreement.

## FACTS

### Robert R. Forbes, Jr. Matter

Respondent represented Robert R. Forbes, Jr. in an ongoing domestic action. As part of that action, Forbes was ordered to make child support and alimony payments. Forbes' current wife and her father wanted Forbes to file suit to reduce or eliminate these payments.

To help Forbes appease his family, respondent signed a letter, which he asserts he did not read, addressed to Forbes' former employer. This letter indicated that respondent had filed a motion in family court about the alimony and child support payments, that an order terminating these payments was being signed, and that the letter was to serve as a waiver of the garnishment of Forbes' wages. Respondent admits that these statements contained in the letter were false.

In addition, respondent signed a letter that was faxed to Forbes' father-in-law. Again, respondent asserts he did not read this letter that indicated Forbes had complied with all his alimony and child support obligations and a signed order to that effect was forthcoming. Respondent also admits that these statements contained in the letter were false.

On September 7, 1997, respondent and his paralegal Amanda Stavely prepared what purported to be the Family Court order referred to in the letters. Respondent traced the signature of a member of this Court, Justice Jean Hoefer Toal, from a copy of the Advance Sheets onto the signature block of the order.

After the forgery was discovered, respondent and his mother met with Justice Toal and members of the Office of Disciplinary Counsel. At that meeting, respondent stated that Stavely prepared the order and that she traced Justice Toal's signature onto the signature block of the order. Respondent now admits this was a false statement, made at the urging of his mother and Stavely.

### Richard H. Gregory Matter

Richard H. Gregory retained respondent in January 1997 to file suit against Wal–Mart and the Police Department in Savannah, Georgia. Respondent admits after he was temporarily suspended from the practice of law, he failed to deliver

Gregory's file to the attorney appointed by this Court to protect his clients' interests.[1]

## Ronnie Clark and Terry Clark Matter

Respondent admits he furnished a rental car and/or the monies for a rental car to Ronnie Clark and Terry Clark while he was representing them on a contingent fee basis.

## Bryan Cox Matter

Cox was ticketed for three traffic offenses and retained respondent to handle the matter. Cox deposited funds with respondent for payment of these tickets and was assured that the tickets would be paid. They were not, and one of Cox's charges ultimately went before the general sessions court for disposition. Cox was properly notified of roll call; however, he failed to appear for court and was arrested and incarcerated for five days. Respondent admits he failed to adequately supervise his staff's transmission of payment of Cox's fines for these traffic offenses.

## Neglect of Legal Matters

Finally, respondent admits that by the requisite standard of care, he neglected certain legal matters entrusted to him by his clients. In these matters, respondent also admits that he did not communicate sufficiently the status of these matters to his clients, causing some clients to believe actions had been filed when they had not.

### CONCLUSION

Respondent's conduct in the Forbes matter violated several of the Rules of Professional Conduct. Rule 407, SCACR. Respondent assisted a client in conduct that he knew was criminal and fraudulent. Rule 1.2(d). Respondent knowingly made false statements of material facts to a tribunal. Rule 3.3. In addition, he made false statements of material facts to third parties and failed to disclose material facts to avoid assisting a fraudulent act by a client. Rule 4.1. Respondent used means that had no purpose but to embarrass, delay, or burden third parties. Rule 4.4. In addition, he failed to make certain that nonlawyer assistants in his office complied with

---

1. *In the Matter of T. Aladdin Mozingo,* 328 S.C. 75, 492 S.E.2d 75 (1997).

his professional obligations. Rule 5.3. Furthermore, respondent violated the Rules of Professional Conduct, committed a criminal act which reflects on his honesty, and engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. Rule 8.4(a), (b), and (d). Previous opinions of this Court have recognized the seriousness of a lawyer forging the signature of a judicial officer. *See In the Matter of Walker,* 305 S.C. 482, 409 S.E.2d 412 (1991) (attorney who forged circuit court judge's name to expungement order was indefinitely suspended); *State ex rel McLeod v. Belcher,* 249 S.C. 301, 153 S.E.2d 921 (1967) (attorney disbarred after forging the signature of a special referee and a circuit court judge to reports and decrees in a divorce case); *Cate v. Rivers,* 246 S.C. 35, 142 S.E.2d 369 (1965) (attorney who forged judge's signature to adoption decrees was disbarred).

Respondent's conduct in the other matters also violated the Rules of Professional Conduct. Rule 407, SCACR. He failed to act with reasonable diligence and promptness in representing clients and failed to keep clients reasonably informed about the status of their matters. Rules 1.3 and 1.4. Furthermore, respondent provided unauthorized financial assistance to a client in connection with pending or contemplated litigation. Rule 1.8(e). Respondent failed to make reasonable efforts to expedite litigation when he incorrectly allowed clients to believe actions had been filed in their cases. Rule 3.2. By failing to turn over one of his files after he was suspended, respondent knowingly disobeyed an obligation under the rules of a tribunal. Rule 3.4(c). Finally, respondent failed to make certain that nonlawyer assistants in his office complied with his professional obligations. Rule 5.3.

Accordingly, we disbar respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

DISBARRED.

TOAL, J., not participating.